IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10477
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROBERT DORIAN JOHNSON,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CR-221-1-P
- - - - - - - - - -
April 1, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Robert Dorian Johnson appeals his conviction and sentence

for unauthorized use of an access device and for mail fraud.

    Johnson argues that the trial court erred by failing to

include an accomplice instruction in the jury charge regarding

Jackie Kilinc's testimony that Johnson asked her to call credit

card companies and pose as the cardholder.  The record does not

indicate that Kilinc received immunity for her testimony or that

she had the criminal intent required to be an accomplice.  See

United States v. Santos, 483 F.2d 35, 35 (5th Cir. 1973)(holding

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that a district court's refusal to include an accomplice instruction is not error unless the person who testified could be considered an accomplice).  Johnson's argument is without merit.

Johnson argues that the district court abused its discretion by admitting purported double hearsay evidence at trial.  The district court admitted First USA Bank business records which included statements made by an individual identified as "Robert Johnson" and recorded by a first USA Bank employee.  The bank records are admissible under the business records exception to the hearsay rule.  See Wilson v. Zapata Off-Shore Co., 939 F.2d 260, 271 (5th Cir. 1991); Fed. R. Evid. 803.  The statements within the bank records are admissible under Rule 801(d)(2)(A) as the admissions of a party opponent.  See United States v. Clemons, 676 F.2d 122. 123 (5th Cir. 1982); Wilson, 939 F.2d at 271 (holding that if the information contained in business records is supplied by an outsider, the outsider's statement must fall within another hearsay exception to be admissible).  Johnson's argument is without merit.

Johnson argues that the evidence is insufficient to support his convictions of unauthorized use of an access device because the Government failed to prove his intent to defraud.  The evidence indicated that an Advanta Visa card and a First USA Bank Visa card were issued in Lea Ann Bair's name, that Bair did not know the cards were issued, that Johnson used the credit cards without her knowledge or consent, and that Johnson took steps to hide his actions.  A rational trier of fact could have found beyond a reasonable doubt that Johnson had intent to defraud.

See <u>United States v. Ismoila</u>, 100 F.3d 380, 387 (5th Cir. 1996) (holding that intent to commit credit card fraud may be established by circumstantial evidence).  Johnson's argument is without merit.

Johnson also argues that the evidence is insufficient to support his conviction of mail fraud because the Government failed to prove his intent to defraud.  The evidence indicated that a Discover card was issued in Bair's name, that Bair did not apply for the credit card or give Johnson authority to do so, and that Johnson signed Bair's name on the credit card application.  A reasonable trier of fact could have found beyond a reasonable doubt that Johnson had intent to defraud.  <u>See</u> <u>Crowe v. Henry</u>, 115 F.3d 294, 297 (5th Cir. 1997).

Finally, Johnson argues that the district court clearly erred in determining the amount of loss attributable to his criminal conduct.  The credit card transactions involving Johnson's ex-wife and his business partner were sufficiently similar to the offense of conviction to establish a continuing pattern of criminal behavior.  <u>See</u> § 1B1.3(a)(2); <u>United States v. Bethley</u>, 973 F.2d 396, 401 (5th Cir. 1992).  The district court did not err by including the transactions as relevant conduct.  Johnson's argument is without merit.

We have reviewed the record and find no reversible error.  Accordingly, the judgment of the district court is AFFIRMED.